IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEMONTE JOHNSON,           §
                          §
   Defendant Below,        §  No. 58, 2023
   Appellant,              §
                          § Court Below—Superior Court
   v.                      §  of the State of Delaware
                          §
STATE OF DELAWARE,         §  Cr. ID No. 1508020940A&B (N)
                          §
   Appellee.               §

Submitted: March 8, 2023
Decided:    March 30, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On February 17, 2023, the appellant, Demonte Johnson, filed a notice of appeal from the Superior Court's order, dated September 19, 2022 and docketed on September 20, 2022, granting his appointed counsel's ("Appointed Counsel") motion to withdraw and summarily dismissing his motion for postconviction relief under Superior Criminal Rule 61. A timely notice of appeal should have been filed by October 20, 2022.

(2)     The Senior Court Clerk issued a notice directing Johnson to show cause why this appeal should not be dismissed as untimely filed. In his response to the

notice to show cause, Johnson states that, among other things, Appointed Counsel did not notify him that he had thirty days to file an appeal from the Superior Court's order. At the Court's request, the State and Appointed Counsel responded to this statement.

(3) As the State notes, when the Superior Court grants counsel's motion to withdraw as it did here, Rule 61(e)(7)(ii) provides that:

> simultaneously with a denial of the movant's motion for postconviction relief—counsel's continuing duty is limited to: (A) notifying the movant in writing of the court's ruling; and (B) advising the movant in writing of the right to appeal, the rules for filing a timely notice of appeal, and that it is the movant's burden to file a notice of appeal if desired.

The State provided a copy of Johnson's legal mail log showing that he received mail from the Superior Court on September 22, 2022, three days after the Superior Court denied the motion for postconviction relief, and that he received mail from Appointed Counsel on October 3, 2022. The State assumes that Appointed Counsel provided Johnson with the required notice.

(4) Appointed Counsel advises that he mistakenly failed to advise Johnson that he needed to file a notice of appeal within thirty days of the Superior Court's September 19, 2022 order. He further states that the legal mail Johnson received on

2

September 22, 2022[1] was not a letter providing legal advice, but a letter regarding the response to the postconviction motion that the State filed on September 15, 2022. In light of Appointed Counsel's admitted failure to comply with the requirements of Rule 61(e)(7)(ii), we conclude that the interests of justice favor remanding this matter to the Superior Court for reissuance of its September 19, 2022 order so that Johnson may file a timely appeal.[2]

NOW, THEREFORE, IT IS ORDERED, that this matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] Because the mail log reflects that Johnson received mail from the Superior Court, not Appointed Counsel, on September 22, 2022, we assume that Appointed Counsel is referring to legal mail Johnson received from Appointed Counsel on October 3, 2022.

[2] *See, e.g., Williams v. State*, 2017 WL 5172252, at *1 (Del. Nov. 7, 2017) (remanding for Superior Court to reissue postconviction decision where postconviction counsel filed untimely appeal).